THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00306-MR-DLH

| | |
|---|---|
| JULIA A. QUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HAYWOOD REGIONAL MEDICAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 25] and the Defendants' Motion for Summary Judgment [Doc. 41].

## I. PROCEDURAL BACKGROUND

The Plaintiff filed the present action on August 20, 2012 [Doc. 1-1], and filed an Amended Complaint on October 26, 2012 [Doc. 10]. During the course of discovery, the Plaintiff revealed for the first time that she had filed for Chapter 7 bankruptcy protection in March 2012, prior to initiating this action. The United States Bankruptcy Court for the Western District of North Carolina issued a Final Decree in that bankruptcy on May 20, 2013.

On September 20, 2013, the Plaintiff filed a motion to reopen her bankruptcy case to disclose this action as a potential asset and to allow the Trustee to review her claims. On October 10, 2013, the Bankruptcy Court granted the Plaintiff's motion to re-open her bankruptcy case, finding that the Plaintiff's failure to disclose the action was inadvertent. [Doc. 44-1]. The Plaintiff subsequently amended her bankruptcy petition to include her claims against the Defendants as asserted in this action. [Doc. 44-2].

On December 23, 2013, the Trustee filed a Report with this Court, advising that he had received approval of a compromise allowing the proceeds of any recovery on the claims to be divided among the Plaintiff, Plaintiff's counsel, and the bankruptcy estate. [See Doc. 56-2]. The Trustee further stated his belief "that it is fair and equitable that the claims of Julia Queen against Defendants in this action be prosecuted." [Doc. 56 at 2].

## II.    DISCUSSION

The Plaintiffs' claims against the Defendants in this action, even though initially undisclosed to the bankruptcy court, are property of the bankruptcy estate. See In re Hamlett, 304 B.R. 737, 740 (M.D.N.C. 2003). As such, "only the bankruptcy trustee -- not Plaintiff – has the sole authority over such claims." Robertson v. Flowers Banking Co. of Lynchburg, LLC,

No. 6:11-cv-00013, 2012 WL 830097, at *4 (W.D. Va. Mar. 6, 2012).  While the bankruptcy trustee is the proper party that may maintain an action, the Plaintiff's claims may nevertheless be allowed to proceed if the Trustee ratifies or joins the action or otherwise seeks to be substituted as the real party in interest.  See Fed. R. Civ. P. 17(a)(3); In re Satterfield, Bankr. No. 09-1102, Adv. No. 10-57, 2010 WL 2928330, at *3 (Bankr. N.D. W. Va. July 26, 2010) (denying motion to dismiss for lack of standing where trustee was added as a party plaintiff after he indicated that he would administer debtor's lawsuit).

Here, the Trustee has indicated that he wishes the Plaintiff's action to proceed.  The Trustee, however, has not specifically ratified, joined or sought substitution as the real party in interest in the action.  Accordingly, before addressing the merits of the Defendants' motion to dismiss, the Court will allow the Trustee an opportunity to make a formal motion to ratify, join or be substituted as the real party in interest.  Failure of the Trustee to so move will result in the dismissal of this action for lack of standing.

**IT IS, THEREFORE, ORDERED** that, within fourteen (14) days of the entry of this Order, the Bankruptcy Trustee may file a motion pursuant to Rule 17(a) of the Federal Rules of Civil Procedure seeking to ratify, join,

and/or be substituted as the real party in interest. In the meantime, the Defendants' pending Motion to Dismiss [Doc. 25] and Motion for Summary Judgment [Doc. 41] shall be held in abeyance.

**IT IS FURTHER ORDERED** that the trial of this matter is hereby **CONTINUED** from the March 10, 2014 trial term and will be reset at a later date.

The Clerk of Court is respectfully directed to provide a copy of this Order to: Langdon M. Cooper, Trustee in the Bankruptcy of Julia Queen, Mullen Holland & Cooper, P.A., P.O. Box 488, Gastonia, NC 28053.

**IT IS SO ORDERED.**

Signed: January 31, 2014

Martin Reidinger
United States District Judge