# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00306-MR-DLH

| | |
|---|---|
| JULIA A. QUEEN, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| HAYWOOD REGIONAL MEDICAL CENTER, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Objection to Affidavits and Material Submitted with Defendants' Reply Brief [Doc. 50].

In opposition to the Defendants' Motion for Summary Judgment, the Plaintiff argued that her ERISA claims were not ripe for adjudication because the administrative record was not before the Court. [Doc. 45 at 16]. In response to this argument, the Defendants submitted the administrative record as an exhibit to their reply brief. [Doc. 49]. The Defendants submitted affidavits and other materials in support of their reply as well. [Doc. 48]. The Plaintiff now objects to the filing of these materials as they were not timely filed with the Defendants' original Motion for Summary Judgment. [Doc. 50].

The Plaintiff is correct that it is generally improper for a party who has moved for summary judgment to submit additional evidence after the non-moving party has responded. A party moving for summary judgment must submit a forecast of evidence that shows that there are no disputed factual issues and that the case can be determined as a matter of law. If a moving party submits additional evidence after the non-moving party has responded, this is usually tantamount to an admission that the movant's original submission was insufficient to entitle him to relief as a matter of law. For these reasons, the exceptions allowing a party moving for summary judgment to supplement his evidentiary record are narrow.

This case, however, presents one of the most obvious exceptions to this general rule. The Plaintiff has filed an ERISA claim, and the parties have briefed that claim. All of these arguments pertain to the decisions made by the plan administrator as supported by or as shown in the ERISA record. For reasons that are left unexplained, however, neither party filed the ERISA record with this Court. Both sides needed that record, but both sides neglected to provide it. In this instance the Defendants have filed the ERISA record after the Plaintiff has responded to the Motion for Summary Judgment. In doing so, however, the Defendants do not essentially admit any flaw or weakness in their summary judgment argument. Rather,

counsel is simply plugging the obvious evidentiary gap that the lawyers on both sides have left in this Court's record.  While the Plaintiff objects to the inclusion of the administrative record on the basis that she has not had an opportunity to respond specifically to this new submission, the Court finds that any prejudice caused by this late filing can be remedied by allowing the Plaintiff to file a supplemental brief regarding the ERISA claims.  For these reasons, the Plaintiff's objection to the filing of the ERISA record is overruled.

As for the other materials submitted in support of the Defendants' reply brief, the Court finds that the Plaintiff's objections are generally well-taken.  Such facts could have and should have been raised by the Defendants' original motion, and producing this information in a reply brief effectively deprives the Plaintiff of an opportunity to respond to this new evidentiary forecast.  The Court would normally disregard the untimely presentation of additional evidence.  Because, however, the Court has already determined that supplemental briefing is necessary to allow the Plaintiff to address the ERISA administrative record supplied by the Defendant, the Court will also allow the Plaintiff an opportunity to respond to the other evidence presented by the Defendants in support of their reply brief.  See Black v. TIC Investment Corp., 900 F.2d 112, 116 (7th Cir.1990)

("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond.").

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to Affidavits and Material Submitted with Defendants' Reply Brief [Doc. 50] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Plaintiff may file a surreply brief within fourteen (14) days of the entry of this Order. Such brief shall not exceed ten (10) pages in length and shall be double spaced and in at least 14 point font.

**IT IS SO ORDERED.**

Signed: March 24, 2014

Martin Reidinger
United States District Judge